## HARRISON NAVAL STORES COMPANY v. JAY H. JOHNSON.

### [45 South., 465.]

TRESPASSES.  *Code* 1906, § 4983.  *Boxing pine trees.  Owner.*

> One having actual possession of the land and the right to extract turpentine from the pine trees thereon is an owner, within Code 1906, § 4983, authorizing the recovery of a penalty by the owner from any unauthorized person who boxes for turpentine the pine trees thereon.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Johnson, appellee, was plaintiff in the court below; the Naval Stores Company, appellant, was defendant there.  From a judgment in plaintiff's favor defendant appealed to the supreme court.

The opinion of the court states the facts.  Code 1906, § 4983, referred to in the opinion, the statute upon which the recovery was based, is as follows:

" *Boxing Pine Trees.*  If any person shall box for turpentine, or shall cut or cause to be cut a box or boxes in a pine tree on land not his own, without consent of the owner of the land or tree, he shall pay to the owner thereof five dollars for each pine tree so boxed or cut."

*Doty & Elmer,* for appellant.

Plaintiff did not own the fee, but owned a leasehold interest only in the land in question, his lease being for three years. The lease had never been recorded.  It was merely a turpentine lease, which did not constitute a sale of the standing timber upon the land described therein, but gave appellee merely a right to extract turpentine from the trees standing upon the land for three years; and the penalty sued for could not apply.  The

statute is not ambiguous; it is a penal statute and must be strictly construed. *Clifton* v. *Curry* (Ala.), 18 South., 554; *Therrell* v. *Ellis,* 83 Miss., 494; 35 South., 8264.

*W. R. Harper,* for appellee.

Plaintiff's proof clearly shows that he was in the actual possession of the land and of the pine trees thereon, and that he claimed ownership of the trees. Whatever may be the rule in other jurisdictions, it has been definitely decided in this state that a turpentine lease confers a right of ownership in the soil and pine trees. *Gex* v. *Dill,* 86 Miss., 21; 38 South., 193.

It is manifest that the legislature intended, by the enactment of Code of 1906, § 4982, to protect such ownership by the penalty therein fixed. All other interests in land were amply protected by previous code sections, and section 4983 would be without purpose if not applicable to the instant case. Under a statute such as this, all that is necessary to fix liability, is to prove that the plaintiff is in actual possession of the property, claiming ownership, and that the defendant trespassed thereon. *Dejarnett* v. *Hayne,* 23 Miss., 600; *Ware* v. *Collins,* 35 Miss., 223; *McCleary* v. *Antony,* 54 Miss., 708.

After verdict this court will assume that the evidence warranted the finding of the jury under the instructions, unless it manifestly appears otherwise.

CALHOON, J., delivered the opinion of the court.

This was an action by appellee, as plaintiff in the court below, against the appellant for the statutory penalty for boxing five hundred and eighty-two pine trees for turpentine, the declaration averring that the plaintiff was the owner and in possession of the trees at the time of the trespass, to which declaration there was a plea of not guilty, without more. The proof shows that the plaintiff was in actual possession of the land and owner of the trees, and that appellant did box the pine trees without consent, and so the action was properly brought under section

4983 of the Code of 1906. We think the proof shows this to be the case, to say the least, of such inexcusable negligence and carelessness as to be the equivalent of willfulness.

The instructions cover the whole case, and very liberally for the defendant below; and the judgment appealed from is *affirmed.*